UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIEL L. MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:20-cv-2333 |
| ) | |
| PIATT COUNTY SHERIFF'S OFFICE, ) | |
| ) | **JURY TRIAL** |
| Defendant. ) | **DEMANDED** |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, Daniel L. Murphy, by and through his attorney, Ronald S. Langacker of Langacker Law, Ltd., and for his Complaint against Defendant, Piatt County Sheriff's Office, hereby states as follows:

**NATURE OF THE ACTION**

1. This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Americans with Disabilities Act 42 U.S.C. §12101. Plaintiff seeks injunctive relief including but not limited to: back pay and reinstatement to his prior position, other make-whole relief, compensatory damages, and punitive damages against Defendant.

**JURISDICTION AND VENUE**

2. Plaintiff has exhausted all of his administrative remedies prior to bringing this lawsuit.

3. Plaintiff filed Charge #440-2019-05641, a timely charge of discrimination with the EEOC, on September 24, 2019. See Exhibit A, attached hereto. Plaintiff received a "Right to Sue" letter from the EEOC on August 27, 2020. See Exhibit B, attached hereto.

4. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, U.S.C. Section 1391(b), since Defendant engaged in their official activities within

the judicial district of this Court and the claims giving rise to the above-captioned proceeding occurred within the judicial district.

## PARTIES

5. Plaintiff, Daniel L. Murphy ("Plaintiff" or "Murphy") resides in Piatt County, Illinois, and at all times relevant herein, was employed with Defendant, Piatt County Sheriff's Office, in Piatt County, Illinois. Plaintiff was born on May 25, 1970 and was over the age of 40 at all times relevant herein, and is a protected party under the Age Discrimination and Employment Act, 29 U.S.C. § 623(a).

6. Defendant, Piatt County Sheriff's Office ("Defendant" or "Department"), is a municipal agency located within Piatt County, Illinois, and within the jurisdiction of the Central District of Illinois. At all relevant times, Defendant has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b), and the Americans with Disabilities Act, 42 U.S.C. §12101.

## STATEMENT OF FACTS

7. Plaintiff began his employment with the Defendant as a Sheriff's Deputy on or around May of 1996.

8. In 2014, Plaintiff was promoted to the position of Assistant Investigator in order to assist Investigator Sergeant Russell with his caseload. In 2016, Sergeant Russell was assigned to a State Police Task Force, and his position was not filled by the Department. At that time, Plaintiff became the sole investigator for Piatt County from 2016 until June of 2019.

9. At all times during his employment, Plaintiff met and exceeded the Defendant's reasonable employment expectations.

10. During his employment with the Defendant, Plaintiff suffered from Stage-3 Kidney disease,

a health condition that would occasionally require that he use sick time for appointments with his treating physician. At all times Plaintiff had sufficient sick time available for the appointments.

11. In early 2019, Plaintiff needed to utilize two weeks of sick time in order to schedule numerous appointments with his treating physician to monitor the progression of his health condition and evaluated his medications needs.

12. On April 15, 2019, Sheriff David Hunt entered Plaintiff's office and demanded that Plaintiff disclose "what was wrong with him" that he was requesting two weeks of sick time.

13. Plaintiff stated that he had scheduled appointments with the Danville VA for a number of health conditions, one of which was Stage-3 Kidney disease. Plaintiff informed Sheriff Hunt that the condition would need to be monitored and would occasionally necessitate that Plaintiff use sick time for necessary treatment. Plaintiff assured Sheriff Hunt that the condition was not affecting his work. Sheriff Hunt appeared surprised by Plaintiff's response.

14. Shortly after this incident, Defendant appointed Deputy Sheriff Tomas Apperson as Investigator for the Department. Deputy Apperson was 36 years old at the time of the appointment. The Department had not solicited letters of intent to apply for the Investigator position from any employee other than Deputy Apperson. Plaintiff subsequently filed a grievance against Defendant for failing to disclose that the position was available, which would have allowed the Plaintiff (and potentially other Sheriff's Deputies) to apply.

15. On April 29, 2019, Chief Deputy Mackey entered Plaintiff's office and asked Plaintiff when he planned on retiring. Plaintiff stated that he had no intention of retiring. Deputy Mackey asked Plaintiff when Sergeant Olson was retiring—Sergeant Olsen was approximately the same age as Plaintiff and was on medical leave at the time. Plaintiff stated that he had no idea

when Sergeant Olson was planning to retire.

16. Chief Deputy Mackey informed Plaintiff that he and Sheriff Hunt were looking to the future of the department and were going to demote Plaintiff from Investigations to Patrols, a change which would probably happen gradually at the end of the summer 2019. During that time, Hunt and Mackey would transition Deputy Thomas Apperson into the Investigations position. Plaintiff again advised Mackey that he was not intending to retire for some time.

17. Later that same day, Plaintiff met with Sheriff Hunt to inquire about the demotion. Sheriff Hunt repeated what Mackey had told Plaintiff, stating that Apperson was "the future of the Department." Plaintiff informed Sherriff Hunt that he was willing to work as the investigator until the Sheriff's term expired in 2022. Sheriff Hunt denied Plaintiff's request.

18. On June 2, 2019, Plaintiff was demoted to a Patrol position, where he would receive less pay and fewer benefits as opposed to his previous position. Moreover, Patrol would require Plaintiff to wear a uniform and engage in substantially more physical activity than as an Investigator.

19. Sheriff Hunt and Deputy Chief Mackey verbally criticized Plaintiff's performance as a Patrol officer and treated him as a pariah in the Department. Plaintiff was denied benefits received by other Sheriff's Deputies, such as being allowed to attend trainings.

20. On November 14, 2029, Sheriff Hunt apologized to Plaintiff, saying he was sorry Plaintiff felt like he was being demoted or punished by being moved out of Investigations.

21. In November of 2019, Plaintiff responded to a shooting at a residence in Bement, Illinois, where he tackled a suspect allegedly involved with the incident. Plaintiff suffered an injury to his lungs and chest, and needed to be taken from the scene by ambulance. Plaintiff was on leave for eight (8) weeks in order to recover from his injuries.

22. As a result of the demotion to Patrol, the adverse employment conditions after his demotion, and increased risk of injury, Plaintiff was compelled to retire on May 25, 2020 at the age of 50, which was the earliest possible time he could have retired. Plaintiff planned to continue working past the age of 50 and was forced to retire as a result of Defendant's adverse actions, resulting in lost future wages and benefits.

### COUNT I
### (Age Discrimination in Employment Act, 29 U.S.C.A. § 623)

23. Plaintiff repeats and re-alleges all paragraphs in this Complaint as if fully set forth herein.

24. At all relevant times Plaintiff was over the age of 40 and is a protected party under the Age Discrimination and Employment Act, 29 U.S.C.A §623(a).

25. At all times throughout the course of his employment, Plaintiff adequately performed his duties for Defendant and satisfied all reasonable expectations imposed upon him by the Defendant in connection with his employment.

26. Plaintiff's demotion was unlawful because it occurred as a result of his age. Similarly-situated younger individuals were not treated in a similar fashion by the Defendant.

27. The unlawful employment practices of Defendant were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

28. The act of discriminatory misconduct described above was the result of a willful or intentional effort on the part of the Department to discriminate against Plaintiff because of his age. Further, but for Defendant's discriminatory actions, Plaintiff would have continued employment with Defendant even after he reached eligible retirement age in May of 2020.

29. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of age, Plaintiff sustained damages equal to lost monetary damages, has suffered damage to his professional reputation, suffered emotional distress

damages, and is entitled to compensatory damages, as well as attorney fees and costs.

## COUNT II
### (Violation of the Americans with Disabilities Act- 42 U.S.C. §12101, et seq.)

30. Plaintiff repeats and re-alleges all of the paragraphs in this Complaint as if fully set forth herein.

31. Defendant, Piatt County Sheriff's Office, at all times relevant hereto, is an employer as defined by 42 U.S.C.12111(5).

32. Plaintiff, at all times relevant hereto, was disabled as that term is defined by the ADA, as he suffered from Stage 3 kidney disease, or in the alternative, was regarded and perceived as being disabled by his employer, Piatt County Sheriff's Office.

33. Defendant believed that Plaintiff had an actual impairment which would substantially limit his ability to be employed as an Investigator with the Department.

34. Since April of 2019, Defendant engaged in unlawful employment practices in violation of Title I of the Americans with Disabilities Act, 42 U.S.C §12112(a) and (b).

35. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability or perceived disability in violation of Title I of the ADA, 42 U.S.C. §12112.

36. Defendant's actions as described above constitute illegal discrimination based on perceived disability, in violation of Plaintiff's rights secured to him by the ADA.

37. As a direct and proximate result of Defendant's illegal discrimination as described above, Plaintiff has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has further suffered emotional pain, mental anguish, loss of enjoyment of life, and non-pecuniary losses.

38. Defendant's conduct as alleged in this Count is properly categorized as intentional, oppressive, malicious, exceptionally reprehensible, and demonstrated a total disregard for the rights and liberties of Plaintiff. Accordingly, an award of punitive damages against Defendant is warranted pursuant to 42 U.S.C. Section 1981(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Daniel L. Murphy, respectfully requests that this Court enter the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this Complaint are unlawful in violation of the Americans with Disabilities Act, and issue a mandatory injunction against the Defendant to take affirmative steps to ensure that it and all individuals working under it refrain from engaging in any actions with respect to Plaintiff which are prohibited under its terms;

B. Award Compensatory damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against him as alleged in the complaint, pursuant to and within the statutory limits under the Americans with Disabilities Act, and the Age Discrimination in Employment Act;

C. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against him as alleged in the complaint, pursuant to and within the statutory limitation of the Americans with Disabilities Act, and the Age Discrimination in Employment Act; Award against Defendant and in favor of Plaintiff such compensatory and exemplary damages as may be permitted by law;

D. Issue a mandatory injunction directing Defendant to reinstate Plaintiff to the position of employment which he held prior to the conduct complained of in this Complaint with all

employment duties, responsibilities, salaries, benefits and rights attendant to that position;

E. Assess against Defendant the costs and expenses incurred by Plaintiff in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above case;

F. Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

G. Award punitive damages as permitted by law, and against the Defendant (See *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010; *Bosco v. Serhant,* 836 F.2d 271, 281 (7th Cir.1987); and

H. For all further relief the court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

DANIEL L. MURPHY
PLAINTIFF

By: /s/Ronald S. Langacker
Ronald S. Langacker
Attorney for Plaintiff

Ronald S. Langacker
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
(217) 954-1025
ron@langackerlaw.com